UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DEKISHA JONES,

    Plaintiffs,

v.

BRUCE COOMBS and
DB&T STEPHENS & COMPANY,

    Defendants.

Case No. 09-933-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on its own initiative for purposes of case management.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

Federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332 (2006). The Seventh Circuit Court of Appeals has repeatedly stated that "allegations of *residence* are insufficient to establish diversity jurisdiction." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (emphasis added). Consequently, a complaint asserting diversity jurisdiction must allege citizenship, not residence. *See, e.g., McMahon v. Bunn-O-Matic Corp.*,

150 F.3d 651, 653 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held*, 137 F.3d at 1000 (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)).

Despite invoking diversity of citizenship as a basis for federal jurisdiction, Defendant Bruce Coombs' Notice of Removal (Doc. 2) alleges only his and Plaintiff Dekisha Jones' states of residence, not their states of citizenship. Additionally, Coombs fails entirely to plead Defendant DB&T Stephens & Company's ("DB&T") state(s) of citizenship. Coombs claims DB&T will not be a defendant in the future, however, DB&T remains a named defendant in this litigation. In sum, Coombs' notice, at present, fails to adequately plead diversity jurisdiction as to both the plaintiff and defendants.

Accordingly, the Court **ORDERS** that Coombs shall have up to and including April 9, 2010, to correct these and any other jurisdictional defects. *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."). Should he fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: April 1, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**